UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LATONYA D. EVANS, | : | |
| | : | CASE NO. 21-52552-WLH |
| | : | |
| Debtor. | : | |
| | : | |
| FIRST COMMUNITY BANK, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| LATONYA D. EVANS, Debtor; and | : | |
| S. GREGORY HAYS, Trustee, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE THAT** First Community Bank ("**Movant**") has filed a Motion for Relief from the Automatic Stay (the "**Motion**") and related papers on May 27, 2021.

**PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on June 10, 2021 at 9:30 am, in Courtroom 1403, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.**

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (http://www.ganb.uscourts.gov/) prior to the hearing for instructions on whether to appear in person or by phone.

Your rights may be affected by the Court's ruling on the Motion. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have

an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response with the Clerk at the address stated below in this Notice, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Room 1340, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

This 27th day of May, 2021.

                                HERBERT C. BROADFOOT II, P.C.

                                */s/Herbert C. Broadfoot II*
                                Herbert C. Broadfoot II
                                Georgia Bar No. 083750
                                2964 Peachtree Road, N.W.
                                Suite 555
                                Atlanta, Georgia 30305
                                (404) 926-0058
                                bert@hcbroadfootlaw.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| LATONYA D. EVANS, | : | |
| | : | CASE NO. 21-52552-WLH |
| | : | |
| Debtor. | : | |
| | : | |
| FIRST COMMUNITY BANK, | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| LATONYA D. EVANS, Debtor; and | : | |
| S. GREGORY HAYS, Trustee, | : | |
| | : | |
| Respondents. | : | |
| | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

COMES NOW FIRST COMMUNITY BANK ("Movant"), and respectfully represents:

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. 157(b).

2.  The statutory predicate for the relief requested herein is § 362(d) of the Bankruptcy Code. This Motion is made for relief from the automatic stay for all purposes allowed by law and the contract between the parties, including, but not limited to, the right to repossess certain personal property and sell it.

4

3. On March 30, 2021, Latonya D. Evans ("Debtor") filed a *pro se* Voluntary Petition pursuant to 11 U.S.C. Chapter 7 commencing this case, and the case is pending before this Court.

4. Movant made a loan to Debtor on February 5, 2020, for Debtor's purchase of a 2020 Car Hauler Trailer (the "Trailer"). Movant holds a perfected first priority lien against the Trailer. Attached hereto as Exhibit A are true and correct copies of a Note, Disclosure and Security Agreement; Certificate of Origin for a Vehicle; and Title evidencing Movant's loan and security interest in the Trailer.

5. Debtor has defaulted by failing to pay the loan, and Movant is owed $16,044.06 plus additional amounts in accordance with the Note.

6. Debtor has scheduled an unsecured debt to Movant of $17,000 and the debt is not disputed. The Trailer is not scheduled as an asset, nor has the Debtor stated an intention to reaffirm the debt to Movant.

7. Debtor does not have equity in the Trailer and the Trailer is not necessary to a reorganization that is in prospect. There is no equity in the Trailer to benefit the estate and the Trustee's interest should be abandoned.

8. Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so that Movant may recover and dispose of the Trailer.

9. Movant requests that the provisions of Fed. R. Bankr. P. 4001 (a)(3) be waived.

WHEREFORE, Movant prays for an Order lifting the automatic stay to allow Movant to recover and dispose of the Trailer; waiving the provisions of Fed. R. Bankr. P. 4001 (a)(3); and providing such other and further relief as may be just and equitable.

Dated: May 27, 2021.

                              HERBERT C. BROADFOOT II, P.C.

                              */s/Herbert C. Broadfoot II*
                              Herbert C. Broadfoot II
                              Georgia Bar No. 083750
                              2964 Peachtree Road, N.W.
                              Suite 555
                              Atlanta, Georgia 30305
                              (404) 926-0058
                              bert@hcbroadfootlaw.com
                              Attorney for Movant

EXHIBIT A

Case 21-52552-wlh    Doc 27    Filed 05/27/21    Entered 05/27/21 15:52:08    Desc Main
Document      Page 6 of 14

# NOTE, DISCLOSURE AND SECURITY AGREEMENT

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $16,120.00 | 02-05-2020 | 02-21-2025 | [redacted] | 6D / 215 | | KG | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** Latonya Evans
564 Carleton Place
Locust Grove, GA 30248

**Lender:** First Community Bank
Dealer Direct
1325 Harrison St
Batesville, AR 72501

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of my credit as a yearly rate. | The dollar amount the credit will cost me. | The amount of credit provided to me or on my behalf. | The amount I will have paid after I have made all payments as scheduled. |
| 11.174% | $5,058.74 | $15,995.00 | $21,053.74 |

**PAYMENT SCHEDULE.** My payment schedule will be 59 monthly payments of $350.89 each, beginning March 21, 2020; and one payment of $351.23 on February 21, 2025.

**PROPERTY INSURANCE.** I may obtain property insurance from anyone I want that is acceptable to Lender.

**SECURITY.** I am giving a security interest in the goods or property being purchased. In addition, Lender has also reserved a contractual right of setoff in my deposit accounts.

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater, regardless of any partial payments Lender has received.

**PREPAYMENT.** If I pay off early, I will not be entitled to a refund of the prepaid finance charges, and I will not have to pay a penalty.

I will look at my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

## Amount Financed Itemization

| | | |
|---|---|---|
| **Amount paid to others on my behalf:** | | $15,995.00 |
| $15,995.00 to Rock Solid Funding | | |
| **Total Financed Prepaid Finance Charges:** | | $125.00 |
| **Note Principal:** | | $16,120.00 |
| **Prepaid Finance Charges:** | | $125.00 |
| Financed: | $125.00 | |
| $125.00 Loan Processing Fee | | |
| **Amount Financed:** | | $15,995.00 |

**Principal Amount: $16,120.00** **Date of Agreement: February 5, 2020**

**PROMISE TO PAY.** I ("Borrower") promise to pay to First Community Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Sixteen Thousand One Hundred Twenty & 00/100 Dollars ($16,120.00), together with interest on the unpaid principal balance from February 5, 2020, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 10.700% per annum based on a year of 360 days, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 59 payments of $350.89 each payment and an irregular last payment estimated at $351.23. My first payment is due March 21, 2020, and all subsequent payments are due on the same day of each month after that. My final payment will be due on February 21, 2025, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs.

**INTEREST CALCULATION METHOD.** Interest on this Agreement is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Agreement is computed using this method.

**RECEIPT OF PAYMENTS.** All payments must be made in U.S. dollars and must be received by Lender consistent with the following payment instructions: All loan payments must be accompanied by the account number or payment coupon provided. Loan payments must be sent to First Community Bank, P.O. Box 4327, Batesville, AR 72503-4327, to the address shown on the payment coupon or to the address shown above. Payments may also be made in person at any of our branch locations. Payments received during normal branch hours Monday through Friday will be credited as of that date. All other payments - including payments made on non-business days including Saturdays, Sundays, and federal holidays - will be credited the next business day or as otherwise permitted by law. Lender may modify these payment instructions by providing updated payment instructions to me in writing.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar

## NOTE, DISCLOSURE AND SECURITY AGREEMENT
### (Continued)

Loan No: ▮▮▮▮▮▮                                                                                                                Page 2

language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Agreement, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: First Community Bank, PO Box 4317 Batesville, AR 72503-4317.

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater, regardless of any partial payments Lender has received.

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, then Lender, at Lender's option and if permitted by applicable law, may add any unpaid accrued interest to principal and such sum will bear interest from that date until paid at the rate provided in this Agreement (including any increased rate). Upon maturity, whether scheduled or accelerated by Lender because of my default, the interest rate on this Agreement shall be increased by 2.000 percentage points. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**PROPERTY DESCRIPTION.** The word "Property" as used in this Agreement means the following described property in which I am giving to Lender a security interest for the payment of the Indebtedness and performance of all other obligations under this Agreement:

2020 TEXAS PRIDE CA84727KGN CAR HAULER (Serial Number 7HCGC4533LB015357); Plus any and all parts, attachments, and accession thereto, wherever located.

In addition, the word "Property" also includes all the following:

(A) All accessions, attachments, accessories, replacements of and additions to any of the property described herein (such as tires or batteries attached to a car, a motor attached to a boat, or appliances and fixtures attached to a mobile home), whether added now or later.

(B) All products and produce of any of the property described in this Property section.

(C) All accounts, general intangibles, instruments, rents, monies, payments, and all other rights, arising out of a sale, lease, consignment or other disposition of any of the property described in this Property section.

(D) All proceeds (including insurance proceeds) from the sale, destruction, loss, or other disposition of any of the property described in this Property section, and sums due from a third party who has damaged or destroyed the Property or from that party's insurer, whether due to judgment, settlement or other process.

(E) All records and data relating to any of the property described in this Property section, whether in the form of a writing, photograph, microfilm, microfiche, or electronic media, together with all of my right, title, and interest in and to all computer software required to utilize, create, maintain, and process any such records or data on electronic media.

Despite any other provision of this Agreement, Lender is not granted, and will not have, a nonpurchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. In addition, if because of the type of any Property, Lender is required to give a notice of the right to cancel under Truth in Lending for the Indebtedness, then Lender will not have a security interest in such Property unless and until such a notice is given.

**GRANT OF SECURITY INTEREST.** To secure payment of the Indebtedness and performance of my obligations under this Agreement, I grant to Lender a security interest in all the Property described above. I understand that the following statements set forth my responsibilities, as well as Lender's rights, concerning the Property. I agree as follows:

**REPRESENTATIONS AND PROMISES WITH RESPECT TO THE PROPERTY.** I represent and promise to Lender that:

**Ownership.** I am the lawful owner of the Property. The Property is free and clear of all loans, liens, security interests, mortgages, claims, and encumbrances except for those I have disclosed to Lender in writing prior to my signing this Agreement. I agree to defend Lender's rights in the Property against the claims and demands of all persons. I will not allow any other liens on the Property, even if they are junior to Lender's lien.

**No Sale.** Without Lender's prior written consent, I will not sell, lease, transfer, borrow against, or otherwise dispose of any of my rights in the Property unless and until all the Indebtedness is paid in full.

**Location of the Property.** I agree to keep the Property at my address shown above unless Lender tells me I can move it. I will not do anything that requires applying for a certificate of title for the vehicle in another state. If I move from my address shown above to another location within the same state, I may move the Property to my new address, but only if I give Lender the new address in writing prior to my moving. In any event, I agree to keep Lender informed at all times of my current address.

**Maintenance and Insurance.** I will keep the Property in good condition and repair. If the Property is damaged, lost or stolen, I immediately will inform Lender. I will keep the Property fully insured against all loss or damage by fire, theft, collision, and such other hazards as Lender may require from time to time. The insurance will be on terms, including deductible provisions and endorsements, that are satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender and not including any disclaimer of the insurer's liability for failure to give such notice. I understand I may obtain insurance from any insurance company I may choose that is reasonably acceptable to Lender (in its sole discretion Lender may refuse to accept flood insurance that is not purchased under the National Flood Insurance Program or does not meet the definition of "private flood insurance"). I will provide Lender with the original insurance policy, or other proof satisfactory to Lender of the insurance coverage, together with all endorsements required by Lender, including an endorsement naming Lender as the party to whom all losses will be paid.

**Inspection.** I agree that Lender or Lender's agents shall have the right from time to time to inspect the Property wherever located.

**Financing Statements.** I authorize Lender to file a UCC financing statement, or alternatively, a copy of this Agreement to perfect Lender's security interest. At Lender's request, I additionally agree to sign all other documents that are necessary to perfect, protect, and continue Lender's security interest in the Property. I will pay all filing fees, title transfer fees, and other fees and costs involved unless prohibited by law or unless Lender is required by law to pay such fees and costs. I irrevocably appoint Lender as my attorney-in-fact to execute documents necessary to transfer title if there is a default. Lender may file a copy of this Agreement as a financing statement. I will promptly notify Lender of any change to my name or the name of any individual Grantor, any individual who is a partner for a Grantor, and any individual who is a trustee or settlor or trustor for a Grantor under this Agreement. I will also promptly notify Lender of any change to the name that appears on the most recently issued, unexpired driver's license or state-issued identification card, any expiration of the most recently issued driver's license or state-issued identification card for me or any individual for whom I am required to provide notice regarding name changes.

**LENDER'S EXPENDITURES.** If I fail (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to

## NOTE, DISCLOSURE AND SECURITY AGREEMENT
### (Continued)

Loan No: ███  Page 3

provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on my behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under this Agreement from the date incurred or paid by Lender to the date of repayment by me. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of this Agreement and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of this Agreement; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Agreement also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**DEFAULT.** I will be in default if any of the following happens:

**Payment Default.** I fail to make any payment when due under this Agreement.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Agreement or in any agreement related to this Agreement, or in any other agreement or loan I have with Lender.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** I die or become incompetent or insolvent, a receiver is appointed for any part of my property, I make an assignment for the benefit of creditors, or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Agreement or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Agreement is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness evidenced by this Note.

**ELECTION OF PROPERTY DAMAGE INSURANCE.** I have elected not to purchase property damage insurance through Community Insurance Professionals. I acknowledge and agree that insurance coverage is required on the Property and if I fail to maintain insurance and/or provide Lender with proof of insurance, Lender may purchase insurance at my expense. The cost of Lender-placed insurance will be added to the Indebtedness and will provide only limited coverage, up to the amount of the unpaid balance of the Indebtedness. If Lender places insurance on the Property, my equity in the Property is not insured and the insurance may not provide any public liability or property damage indemnification and may not meet the requirements of any financial responsibility laws.

**LENDER'S RIGHTS.** I may keep and use the Property so long as I am not in default under this Agreement. If I am in default, this is what Lender may do, in addition to any other rights Lender may have:

**Accelerate Indebtedness.** Lender may, subject to any cure and notice provisions required by law, declare all Indebtedness immediately due and payable, without notice.

**Other Rights and Remedies.** In addition, Lender will have all the rights of a secured party under the Uniform Commercial Code and other applicable law. This means, among other rights, that Lender may enter upon the premises at the address shown above and take the Property peaceably and sell it. Lender may also, to the extent permitted by law, enter peaceably upon other premises for the purpose of retaking the Property, and I consent to such entry. If the Property contains any goods not covered by this Agreement at the time of repossession, I agree that Lender may take such goods, provided that Lender makes reasonable efforts to return them to me after repossession. If Lender asks me to do so, I will gather the Property and make it available to Lender at a place reasonably convenient to both Lender and me.

**Application of Proceeds.** If Lender sells the Property, Lender will apply the "net proceeds" of the sale to reduce the amount owed Lender. "Net proceeds" means the sale price less the expenses of repossession, repair, sale, and as provided below, attorneys' fees and other collection expenses. I agree that, to the extent permitted by law, I will owe Lender any difference between the amount of the Indebtedness and the net proceeds Lender receives from the sale of the Property.

**Notice.** Unless the Property threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give me, and other persons as required by law, reasonable notice of the time and place of any public sale or of the time after which any private sale or any other intended disposition of the Property is to be made. The requirements of reasonable notice shall be met if such notice is given at least ten (10) days before the time of the sale or disposition, except as otherwise required by applicable law.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's costs of collection, including court costs and fifteen percent (15%) of the principal plus accrued interest as attorneys' fees, if any sums owing under this Agreement are collected by or through an attorney at law, whether or not there is a lawsuit, and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW. This Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Georgia without regard to its conflicts of law provisions. This Agreement has been accepted by Lender in the State of Georgia.**

**CHOICE OF VENUE.** If there is a lawsuit, I agree upon Lender's request to submit to the jurisdiction of the courts of the State of Georgia, in the county in which my following address is located: 564 Carleton Place, Locust Grove, GA 30248.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

Loan No: ▓▓▓

# NOTE, DISCLOSURE AND SECURITY AGREEMENT
(Continued)

Page

**THIRD PARTY COLLECTION.** Provided however that if your delinquent account is turned over to a third party collection agency, then you agree to pay all reasonable collection costs including reasonable attorney fees and court costs.

**SUCCESSOR INTERESTS.** The terms of this Agreement shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Agreement cannot be enforced, this fact will not affect the rest of the Agreement. Lender may delay or forgo enforcing any of its rights or remedies under this Agreement without losing them. I and any other person who signs, guarantees or endorses this Agreement, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Agreement, and unless otherwise expressly stated in writing, no party who signs this Agreement, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties waive any right to require Lender to take action against any other party who signs this Agreement as provided in O.C.G.A. Section 10-7-24 and agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Agreement are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**DEFINITIONS.** The following words shall have the following meanings when used in this Agreement:

**Agreement.** The word "Agreement" means this Note, Disclosure and Security Agreement, as this Note, Disclosure and Security Agreement may be amended or modified from time to time, together with all exhibits and schedules attached to this Note, Disclosure and Security Agreement from time to time.

**Borrower.** The word "Borrower" means Latoya Evans, and all other persons and entities signing the Note.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means the indebtedness evidenced by the Note or Related Documents, including all principal and interest together with all other indebtedness and costs and expenses for which I am responsible under this Agreement or under any of the Related Documents.

**Lender.** The word "Lender" means First Community Bank, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the note or credit agreement dated February 5, 2020, in the principal amount of $18,120.00 from Latoya Evans to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for the note or credit agreement.

**Property.** The word "Property" means all of my right, title and interest in and to all the Property as described in the "Property Description" section of this Agreement.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

THIS AGREEMENT IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS AGREEMENT IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

BORROWER:

X /s/ Latoya Evans
Latoya Evans

**DISTRIBUTION OR DEALER ASSIGNMENT NUMBER 1**

NAME PURCHASER(S): LATONYA EVANS
ADDRESS: 804 CARLETON PL, LOCUST GROVE, GA 30248

DEALER: TEXAS PRIDE TRAILERS - P0767X

State of: TX
County: MADISON

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION OR DEALER ASSIGNMENT NUMBER 2**

NAME OF PURCHASER/S
ADDRESS
DEALER
NAME OF DEALERSHIP

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 3**

NAME OF PURCHASER(S)
ADDRESS
DEALER
NAME OF DEALERSHIP   DEALER'S LICENSE NUMBER

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**DISTRIBUTION-DEALER ASSIGNMENT NUMBER 4**

NAME OF PURCHASER(S)
ADDRESS
DEALER
NAME OF DEALERSHIP   DEALER'S LICENSE NUMBER

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**ODOMETER DISCLOSURE FOR RETAIL SALE**

USE NOTARIZATION ONLY IF REQUIRED IN TITLING JURISDICTION

**LIENHOLDER**

FIRST COMMUNITY BANK
PO BOX [illegible], BATESVILLE AR 72503



# CERTIFICATE OF ORIGIN FOR A VEHICLE

**Texas Pride Trailers**

DATE: FEBRUARY 5, 2020
INVOICE NO.: 23395
VEHICLE IDENTIFICATION NO.: 7HCGC4533LB015357
YEAR: 2020
MAKE: TEXAS PRIDE
BODY TYPE: CAR HAULER
SHIPPING WEIGHT: 10060 LBS
G.V.W.R.: 27000 LBS
SERIES OR MODEL: CA84727KGN

...the undersigned authorized representative of the company, firm or corporation named below, hereby certify that the new vehicle described above is the property of the said company, firm or corporation and is transferred on the above date and under the Invoice Number indicated to the following distributor or dealer.

NAME OF DISTRIBUTOR, DEALER, ETC:

TEXAS PRIDE TRAILERS
1241 INTERSTATE 45 N
MADISONVILLE, TX 77864

It is further certified that this was the first transfer of such new vehicle in ordinary trade and commerce.

TEXAS PRIDE TRAILERS

0053012

1241 INTERSTATE 45 NORTH
MADISONVILLE, TX 77864

---

**WARRANTY REGISTRATION**

| VIN #: 7HCGC4533LB015357 | MODEL: CA84727KGN | YEAR: 2020 |
|---|---|---|
| CUSTOMER INFORMATION: | DEALER INFORMATION: | |
| NAME | DEALER NAME: TEXAS PRIDE TRAILERS | |
| ADDRESS | ADDRESS: 1241 INTERSTATE 45 N | |
| | MADISONVILLE, TX 77864 | |
| PHONE | PURCHASE DATE | |
| OWNER'S SIGNATURE | DATE | |

I HAVE READ THE "OWNERS INFORMATION PACKET" AND UNDERSTAND THE LIMITED WARRANTY

Please return Warranty Registration to:
TEXAS PRIDE TRAILERS   1241 INTERSTATE 45 NORTH   MADISONVILLE, TX 77864

9/2/2020                                        Simply ELT Printer Friendly Title

## STATE OF GEORGIA

| | | | |
|---|---|---|---|
| **Title #:** | 770047208538054 | **Title type:** | |
| **Issue date:** | 2020/08/19 | **Lic/Tag/Control #:** | 7700472085 |
| **VIN:** | 7HCGC4533LB015357 | | |
| **Vehicle info:** | 2020 TEXP | | |
| **Odometer reading:** | | **Odometer reading date:** | |
| **Owner:** | LATONYA DENISE EVANS | | |
| **Co-owner:** | | | |
| **Owner 3:** | | | |
| **Owner address:** | 564 CARLETON PL | | |
| | LOCUST GROVE, GA 302484430 | | |
| **Lienholder:** | FIRST COMMUNITY BANK | | |
| | PO BOX 4327 | | |
| | BATESVILLE, AR 72503-4327 | | |
| **Title valid date:** | 2020/09/02 | | |

[Close]

## CERTIFICATE OF SERVICE

The undersigned, Herbert C. Broadfoot II, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served a true and correct copy of the MOTION FOR RELIEF FROM AUTOMATIC STAY and NOTICE OF HEARING ON MOTION FOR RELIEF FROM AUTOMATIC STAY by first class United States Mail with adequate postage prepaid on the following persons or entities at the addresses stated:

Latonya D. Evans
564 Carleton Place
Locust Grove, GA 30248

S. Gregory Hays
Chapter 7 Trustee
Suite 555
2964 Peachtree Road, NW
Atlanta, GA 30305

Dated: May 27, 2021

HERBERT C. BROADFOOT II, P.C.

*/s/Herbert C. Broadfoot II*
Herbert C. Broadfoot II
Georgia Bar No. 083750
2964 Peachtree Road, N.W.
Suite 555
Atlanta, Georgia 30305
(404) 926-0058
bert@hcbroadfootlaw.com